1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CSBN 154364)
   Assistant United States Attorney
4      150 Almaden Blvd., Suite 900
       San Jose, California 95113
5      Telephone: (408) 535-5082
       FAX: (408) 535-5081
6      claire.cormier@usdoj.gov

7  Attorneys for United States of America

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12  FRED JOHN LANDEROS,              )   No. C 10-00286 JW
                                     )
13            Plaintiff,             )   STIPULATION OF SETTLEMENT;
                                     )   [PROPOSED] ORDER
14       v.                          )
                                     )
15  UNITED STATES OF AMERICA, et al.,)
                                     )
16            Defendants             )
   _____)

17

18       IT IS HEREBY STIPULATED by and between plaintiff Fred John Landeros

19  ("plaintiff") and defendant United States of America, as follows:

20       1. The parties do hereby agree to settle and compromise the above-entitled personal

21  injury action under the terms and conditions set forth herein.

22       2. The United States of America, defendant, agrees to pay to plaintiff the sum of

23  Ten Thousand Dollars ( $10,000) × ~ ~ ~ ~ ~ ("Settlement

24  Amount"), which sum shall be in full settlement and satisfaction of any and all claims,

25  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by

26  reason of any and all known and unknown, foreseen and unforeseen bodily and personal

27  injuries, loss of consortium, damage to property and the consequences thereof, resulting, and to

28  result, from the same subject matter that gave rise to the above-captioned lawsuit, for which

plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees. There shall be no withholding from the Settlement Amount.  Plaintiff understands that any questions as to tax liability, if any, as a result of this payment is solely between plaintiff, his attorneys, and the Internal Revenue Service.

3.  Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, loss of consortium, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit.  Plaintiff and his heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators or assigns against any third party or against the United States of America.

4.  This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation and does not constitute an admission of liability or fault on the part of the United States of America or its agents, servants, or employees on account of the events described in plaintiff's complaint in this action.

5.  This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this agreement.

6.  It is also agreed that the Settlement Amount to plaintiff paid by the United States of America represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered to plaintiff in connection with this action, if any, shall not exceed 25 per centum of the Settlement Amount.

8. Payment of the settlement amount will be made by check payable to Fred John Landeros and his attorney, Eric Hartman.

9. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation, plaintiff agrees that he will, within seven days of this agreement, execute a Stipulation of Dismissal in the above-referenced Action, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for defendant and will be filed with the Court upon receipt by plaintiff's attorney of the Settlement Amount. Plaintiff is advised that settlement check may not be available for eight to ten weeks after approval of the settlement by the court. The United States of America will have no obligation to deliver the Settlement Amount until the fully executed Stipulation of Dismissal is provided to defendant's counsel.

10. Plaintiff hereby releases and forever discharges the United States of America, the Department of Veterans Affairs, and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Plaintiff, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff

1  understands that, if the facts concerning injuries or liability for damages pertaining thereto are

2  found hereinafter to be other than or different from the facts now believed by him to be true,

3  this agreement shall be and remain effective notwithstanding such material difference.

4    12.   The parties agree that this stipulation is intended to be a full and final settlement of

5  all claims arising out of the allegations set forth in plaintiff's pleadings in this action.  Plaintiff

6  agrees to indemnify and hold harmless defendant United States of America from any and all

7  claims, demands, obligations, liens, and lawsuits brought against the United States of America,

8  its agencies or employees, arising out of the allegations set forth in plaintiff's pleadings in this

9  action.

10    13.  This instrument shall constitute the entire agreement between the parties, and it is

11  expressly understood and agreed that the agreement has been freely and voluntarily entered into

12  by the parties hereto.  The parties further acknowledge that no warranties or representations

13  have been made on any subject other than as set forth in this agreement.  This agreement may

14  not be altered, modified or otherwise changed in any respect except by writing, duly executed

15  by all of the parties or their authorized representatives.

16    14.  The parties agree that, should any dispute arise with respect to the implementation

17  of the terms of this agreement, plaintiff shall not seek to rescind the agreement and pursue his

18  original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the

19  agreement in the United States District Court for the Northern District of California.

20    15.  Each party hereby stipulates that he has been represented by and has relied upon

21  independent counsel in the negotiations for the preparation of this agreement, that he has had

22  the contents of the agreement fully explained to him by such counsel, and is fully aware of and

23  understands all of the terms of the agreement and the legal consequences thereof.  For purposes

24  of construction, this agreement shall be deemed to have been drafted by all parties to this

25  agreement and shall not, therefore, be construed against any party for that reason in any

26  subsequent dispute.

27    16.  The signatories to this agreement have actual authority to bind the parties.

28

17.  If any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

18.  This settlement agreement may be signed in counterparts.

19. Attached Addendum to stipulation of settlement, incorporated herein.

Respectfully submitted,

DATED: February 18, 2011

FRED JOHN LANDEROS
Plaintiff

DATED: February 18, 2011

LAW OFFICE OF ERIC F. HARTMAN

ERIC F. HARTMAN
Attorney for Plaintiff

DATED: February 18, 2011

MELINDA HAAG
United States Attorney

CLAIRE T. CORMIER
Assistant United States Attorney

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, **IT IS SO ORDERED.**

The Clerk shall close this file.

DATED: February 23, 2011

JAMES WARE
UNITED STATES DISTRICT COURT CHIEF JUDGE

# Addendum to Stipulation of Settlement

19. This settlement agreement will not affect any Department of Veterans Affairs benefits, including but not limited to future medical care and disability benefits, for which plaintiff is currently eligible, as if this personal injury action had never occurred.


Fred John Landeros
Plaintiff


Eric F Harmon
Plaintiff's atty
2/18/2011


Barbara Konno
Department of Veterans Affairs


Melinda Haag
United States Attorney


Claire T. Cormier
Assistant U.S. Attorney